UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ABDUR (ABUL)-RAHMAN A. IBN-DURIYA (TURIYA)**          **PLAINTIFF**

v.                                 **CIVIL ACTION NO. 3:06-CV-473-S**

**BARBARA CURRY et al.**                                  **DEFENDANTS**

## MEMORANDUM OPINION

Unrepresented by counsel, Plaintiff, Abdur (Abul)-Rahman A. Ibn-Duriya (Turiya), filed a complaint against Barbara Curry, Carl Demetrius Walker, and Wayne ("Yard Person") (DN 1). This matter is ripe for screening pursuant to *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

## I. FACTS

It is difficult for the Court to determine the exact nature or factual basis of this action. Plaintiff cites as the basis for jurisdiction, the "Patriot Act 2005"; 18 U.S.C. § 2684;[1] 39 U.S.C. §§ 3003-3015;[2] 26 U.S.C. §§ 2603-2610;[3] 18 U.S.C. § 1961;[4] sexual harassment; senior citizen harassment; theft and destruction of U.S. mail; extortion; collusion; domestic terrorism; kidnapping; illegal entry; harassing phone calls; intimidation; and "Termination of Federal Witness's and their Posterity = (Property, Personal Safety and the Possession of Thomas Carl

---

[1] This statute does not exist.

[2] These statutory sections of title 39, which established and governs the Postal Service, have to do with certain kinds of materials that may or may not be mailed. Nothing in those statutory sections indicate that a private citizen would have a cause of action to enforce those provisions.

[3] These statutory sections are part of the Internal Revenue Code and have to do with taxes on generation-skipping transfers.

[4] This section is part of the criminal code concerning racketeer influenced and corrupt organizations and defines certain terms used therein.

Walker's Property)." He alleges only that beginning on August 20, 2006, the property of Barbara Curry at 5208 Broadmoor Blvd., Louisville, Kentucky, has been used as a "Base of Operations by Barbara Curry (Daughter Javaan), Carl Demetrius Walker, . . . and 'Wayne, The Yard Person,'" in order to execute the aforementioned allegations. He seeks $70,000, which he states represents the value of the property at 5210 Broadmoor Blvd.,[5] and compensatory relief for mental anguish.

Plaintiff attaches as an exhibit to his complaint six pages of e-mail printouts from an MSN Hotmail account. That printout indicates that Plaintiff was notified by the postmaster at hotmail.com that on August 30, 2006, several attempts to send a certain e-mail or e-mails were unsuccessful. It is not possible to determine from this exhibit what the subject matter was of the e-mails that were unable to be delivered or the relevance of the delivery failures. It appears that one e-mail originating from Plaintiff had as its subject line "Harassment, Intimidation and Termination of Federal Criminal Witness."

Plaintiff also has filed what appears to be a supplement to his complaint, which is a criminal complaint form signed by Plaintiff against the Defendants, alleging that on September 18, 2006, Defendants violated 39 U.S.C. §§ 3003-3015, 26 U.S.C. §§ 6103-6110,[6] and 18 U.S.C. §§ 1961, 2389.[7] Plaintiff provides no facts in support of his criminal complaint.

---

[5] This appears to be Plaintiff's address.

[6] These sections of the Internal Revenue Code deal with various miscellany, such as confidentiality of returns, publication of certain information, and the income tax preparer's duty to furnish a copy of the return to the taxpayer.

[7] This statute criminalizes the recruiting of soldiers or sailors to serve "in armed hostility against the United States."

2

## II.  LEGAL STANDARD

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, this Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

This Court, however, is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* FED. R. CIV. P. 8(a)(2).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see generally Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. ANALYSIS

*A.   Claims under Title 18 of the U.S. Code*

To the extent Plaintiff cites to Title 18 in an attempt to bring criminal charges against Defendants, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Williams v. Luttrell*, 99 Fed. Appx. 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown*, 11 Fed. Appx. 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). To the extent Plaintiff may seek civil remedies under Title 18, he has not cited to any criminal statute giving rise to any private civil cause of action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Leach v. Manning*, 105 F. Supp.2d 707, 717 (E.D. Mich. 2000).

Accordingly, Plaintiff's Title 18 claims must be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

*B.   Patriot Act Claim(s)*

"No private cause of action exists to enforce the USA PATRIOT Act." *Med. Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1330 (D. Kan. 2006). Consequently, Plaintiff's claim or claims under the Patriot Act also must be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

C.     *Plaintiff's remaining claims*

All of Plaintiff's allegations against Defendants are merely conclusory and lack the requisite factual specificity. To state a claim for relief, he must show how each defendant is accountable because the defendant was personally involved in the acts about which the plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff fails to set forth which Defendant purportedly committed which acts, or even what acts Defendant allegedly performed that constituted intimidation, harassment, kidnapping, *et cetera*. In fact, he offers no facts at all, merely conclusions. The Sixth Circuit has held that allegations such as these which are premised upon mere conclusions fail to state an adequate claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (finding that bare and conclusory allegations that a defendant personally deprived a plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim). Consequently, Plaintiff's remaining claims also will be dismissed for failure to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii).

The Court will enter an order consistent with this memorandum opinion.

Date:

cc:     Plaintiff, *pro se*

4411.009

5